NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GOLD CREEK CONDOMINIUM-PHASE I ASSOCIATION OF APARTMENT OWNERS, a Washington non-profit corporation, | No. 22-35606 |
| | D.C. No. 3:20-cv-05690-RJB |
| Plaintiff-Appellant, | MEMORANDUM* |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation; TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut company; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut company; AETNA CASUALTY AND SURETY COMPANY, a Connecticut company; AETNA CASUALTY INSURANCE COMPANY OF ILLINOIS, a Connecticut company; TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut company, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted October 3, 2023

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and HINKLE,[**] District Judge.

Gold Creek Condominium-Phase I Association of Apartment Owners (Gold Creek)[1] appeals the district court's order excluding Gold Creek's expert testimony and its orders granting summary judgment in favor of Defendants-Appellees, several insurance companies, including State Farm and Travelers.[2] Because we assume the parties' familiarity with the facts, we recount them here only as necessary. We affirm.

1.    The district court properly granted summary judgment to State Farm based on its suit limitation clause. Gold Creek's State Farm policy states that, "No action shall be brought unless . . . the action is started within one year after the occurrence causing loss or damage." Because the policy's plain text unambiguously requires that Gold Creek bring suit within one year of rain events during the policy period (from 1989 to 1990) and because Gold Creek effectively filed suit nearly thirty years later, the policy bars claims against State Farm.

*Panorama Vill. Condo Owners Ass'n Bd. of Directors v. Allstate Ins. Co.*, 26

---

[**]    The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.
[1] We deny as moot Gold Creek's motion to extend time to file reply brief (Dkt. 61).
[2] "Travelers" refers to several separate, named defendants who eventually became part of the same corporate family.

P.3d 910 (Wash. 2001) is distinguishable because Washington interpreted the policy language there—"after a loss occurs"—to require suit be brought within one year after the completion of hidden loss, i.e. when the loss was discovered. The policy language here does not state that a suit must be brought within a year "after a loss occurs." It states that a suit must be brought within a year "after the occurrence causing loss or damage." This distinction makes a difference. The phrase "after a *loss* occurs" focuses on the triggering event of the *loss*. *See Panorama*, 26 P.3d at 914. The phrase "after the *occurrence causing* loss or damage" focuses on the triggering event of the *cause*. The "loss" may not have "occurred" until the hidden decay was exposed to view, but the "occurrence" causing the loss are rainstorms that took place during the policy period, which no party argues were concealed from view. *Cf. Villella v. Public Employees Mut. Ins. Co.*, 725 P.2d 957 (Wash. 1986) (distinguishing between losses and causes occurring during policy period).

Even if we interpret "occurrence" to include continuous occurrences, such occurrences that take place after the policy period cannot cause "loss to property during the policy period," as required to trigger coverage under the policy. Thus, the latest date that Gold Creek could bring suit under State Farm's policy was in 1991. This reading is supported by the very next sentence in the policy, which explicitly implements a discovery rule for employee dishonesty claims. *See*

3

*Transcon. Ins. Co. v. Wash. Pub. Utils. Dists.' Util. Sys.*, 760 P.2d 337, 340 (Wash. 1988); *Ellis Court Apartments Ltd. Partnership ex rel. Woodside Corp. v. State Farm Fire and Cas. Co.*, 72 P.3d 1086, 1090 (Wash. Ct. App. 2003). Because Gold Creek did not bring suit within a year of the last rain event causing damage during the policy period, the district court properly dismissed its claims against State Farm.

2.      The district court did not abuse its discretion in excluding Soltner's testimony. We review the exclusion of expert testimony for abuse of discretion to determine whether the court "performed a sufficiently rigorous evaluation of [the expert's testimony] and did not 'reach[] a result that is illogical, implausible, or without support in inferences that may be drawn from the record.'" *Murray v. S. Route Mar. SA*, 870 F.3d 915, 922 (9th Cir. 2017) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). District courts are vested with "broad latitude" to "decide how to test an expert's reliability and whether or not an expert's relevant testimony is reliable." *Murray*, 870 F.3d at 923 (cleaned up).

Although a reasonable judge could disagree as to the reliability of Soltner's opinion, it was not "illogical, implausible, or without support in inferences that may be drawn from the record," *id.* at 922, to exclude it. The court performed a rigorous evaluation, holding two separate *Daubert* hearings and, although brief in its reasoning, cited specific testimony to justify its decision. It held that Soltner's

4

opinion that "the loss or damage occurred during the policy periods in this 40-year-old building is speculative and is based on assumptions not supported by the evidence or Mr. Soltner's experience." In support of this conclusion, it pointed to two admissions by Soltner, that (1) there is no way to identify which rain events cause damage and which do not and (2) there is no way to determine when damage actually occurred.

These admissions provide support for the district court's determination that Soltner could not reliably testify that new damage, as opposed to new rain events, occurred each year. Soltner's scientific analysis pales in comparison to that identified by appellants in *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017 (9th Cir. 2022), where the district court ignored a litany of evidence presented by the expert, including photographs, charts, artifacts, weather data, a forensic report, and reconstruction of the scene of the fire, and improperly weighed the expert's conclusions against the testimony of eyewitnesses. *Id*. at 1028–29.

Further, the district court reasonably excluded Soltner's methodology examining weather data, which included arguably arbitrary bright lines and a questionable reading of the scientific literature.

3. The district court properly granted Travelers' motion for partial summary judgment. Washington law requires the insured to "show the loss falls within the scope of the policy's insured losses." *McDonald v. State Farm Fire & Cas. Co.*, 837

5

P.2d 1000, 1003–04 (Wash. 1992). It remains unsettled, however, which trigger of coverage rule applies for property insurance. *See Hillhaven Props. Ltd. v. Sellen Const. Co.*, 948 P.2d 796, 800 (Wash. 1997); *Ellis Court*, 72 P.2d at 1090 ("Washington has not recognized the manifestation doctrine in prior first-party cases, and we decline to adopt it here."). Because the district court properly granted Travelers' motion under any of the three trigger rules, we need not address which one applies.

First, Travelers' policy would not cover Gold Creek under the manifestation rule because Gold Creek did not discover the claimed damage until 2018, nearly twenty-two years after the policy period expired. *See e.g.*, *Prudential-LMI Com. Ins. v. Superior Ct.*, 798 P.2d 1230, 1247 (Cal. 1990) (holding that when the "undisputed evidence establishes that no damage had been discovered before a given date (i.e., no manifestation occurred), then insurers whose policies expired prior to that date could not be liable for the loss").

Second, under the injury-in-fact rule, Travelers' policy would not cover Gold Creek because damage did not "commence" during the policy period. Travelers' policy states that they "cover loss or damage commencing: . . . [d]uring the policy period." Under the injury-in-fact rule, "commencing" means "first beginning." *Ellis Court*, 72 P.3d at 1090; *Mercer Place Condo. Ass'n v. State Farm Fire & Cas. Co.*, 17 P.3d 626, 629–30 (Wash. Ct. App. 2000). No evidence

in the record shows that new damage necessarily commenced between 1991 and 1996, even if existing damage worsened.

Finally, under the continuous trigger rule, Appellant need only show that some damage occurred during the policy period. *Am. Nat. Fire Ins. Co. v. B & L Trucking and Const. Co.*, 951 P.2d 250, 255 (Wash. 1998); *Eagle Harbour Condo. Ass'n v. Allstate Ins. Co.*, No. C15-1312, 2017 WL 1316936, at *6 (W.D. Wash. Apr. 10, 2017). However, Travelers' deductible policy states that it "will not pay for loss or damage in any one occurrence until the amount of loss or damage exceeds the Deductible. . . ." We interpret "occurrence" to mean a rain event causing damage during the policy period, and there is no evidence in the record that such an event occurred during the policy period. Further, no evidence exists demonstrating that, between 1991 and 1996, (1) the damage existing in 2018 occurred, (2) even one panel of gypsum sheathing was damaged, or (3) any gypsum sheathing needed to be completely replaced. Thus, this record would not permit a reasonable juror to conclude that damage exceeding the deductible occurred during the policy period.

**AFFIRMED.**